13-316
Yan v. Holder

BIA
A078 745 500

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand fourteen.

PRESENT:
        JOHN M. WALKER, JR.,
        ROSEMARY S. POOLER,
        BARRINGTON D. PARKER,
                *Circuit Judges*.
_____

LI XIAN YAN, AKA LI XIANG YANG,
        *Petitioner*,

        v.                                          13-316
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        Fuhao Yang, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Erica B. Miles, Senior
                       Litigation Counsel; C. Frederick
                       Sheffield, Trial Attorney; Mehak
                       Naveed, Legal Intern, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Li Xian Yan, a native and citizen of the People's Republic of China, seeks review of the December 31, 2012 decision of the BIA denying his motion to reopen. *In re Li Xian Yan*, No. A078 745 500 (B.I.A. Dec. 31, 2012). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Yan's motion to reopen as untimely and number barred was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Yan's 2012 motion was untimely, as his final administrative order was issued in 2003. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). However, the time limitation does not apply to a motion to reopen if it is "based on changed

circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id.*

The BIA's determination that Yan's individualized documents were insufficient to show changed country conditions was not an abuse of discretion. Yan's motion stated that he had mailed religious materials to a friend in China, and that the friend had been confronted by the authorities and told to inform Yan that he must stop proselytizing or be punished. In support of this statement, Yan offered a statement from his friend in China. The BIA permissibly discounted this statement because the friend was unavailable for cross-examination, and his letter was unaccompanied by independent corroborating evidence, such as a shipping label or letter from the authorities. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (weight afforded to the evidence "lies largely within the discretion" of the agency); *Qui Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007) (upholding the agency's refusal to credit an applicant's individualized evidence in a motion to reopen when there had been an adverse credibility determination in the original hearing).

3

The BIA also reasonably found that Yan's background evidence did not support reopening. Yan stated that the Chinese government was attempting to "completely eliminate" Christianity, but the agency accurately noted that State Department reports clearly indicate that some forms of Christianity are permitted. The BIA also determined that Yan had not shown that he would likely suffer harm rising to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (stating that the harm must be sufficiently severe, rising above "mere harassment"). Moreover, the agency properly found that none of Yan's documentary evidence suggested he was more likely than not to be tortured. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Accordingly, the BIA did not abuse its discretion in denying Yan's motion to reopen as untimely and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A) & (C)(i), (ii); 8 C.F.R. § 1003.2(c)(2).

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the motion for stay or removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk